<u>Memorandum in Support of Petition For a Writ of Habeas Corpus #2</u>
<u>In the United States District Court</u>

RE: Derek Tyler Horton, Pro Se

v.

Sam Cochran

Case No. 18-CV-75-WS-B

This will be my second attempt to clarify, in writing, the argument put forth in my original petition for a Writ of Habeas Corpus under 28 U.S.C. 2241 filed on 2-15-18.

Let me try to sum up the essence of my argument in one brief line: <u>The U.S. Constitution mandates that the State of Alabama has one fair opportunity to convict me with a suffecient amount of evidence, that will be able to sustain that conviction upon appellate review — including upon review by a federal court that will likely impose a higher standard for what constitutes "suffecient" than any State court because the evidence will be examined free of any constitutional errors the State ignored that likely helped the State to be able to obtain a conviction.</u>

The State had their opportunity to convict me with a suffecient amount of evidence and they failed.

The State does not get a second bite at the apple after I have already been incarcerated 8 years because they rushed to get the initial conviction

[Continued on Page 2]

(pg. 1)

<u>Memorandum #2</u>

and were willing to violate my constitutional rights in order to get that initial conviction. They knew that they were not going to be able to convict me without violating my rights. They knew they couldn't play by the rules and be able to convince a jury that I was guilty beyond a reasonable doubt.

So why did the prosecution decide to proceed with their case knowing that no Federal court in the United States would ever countenance a conviction with insufficient evidence and several violations of the defendant's constitutional rights? <u>Because they thought no federal court would ever obtain jurisdiction of the case before they had a chance to re-group, hopefully get more evidence,</u> and try the case again. They also knew that in the unlikely event that an Alabama court did dismiss the case, they would get several years of punishment (incarceration) through the lengthy appellate process. In other words, it's a "win, win" for the State. And while I admit that they did win by taking 8 years of my life and violating <u>nearly all of my constitutional rights — I refuse to let the State try to "sweep this one under the rug" and pretend the last 8 years never happened.</u> They did happen. So did the trial with all the speculation, conjecture, educated guessing and, most importantly,

[Continued on page 3]

Pg. 2

Memorandum #2

insufficient evidence. Because if you have sufficient evidence, then you don't have to guess. Sufficient evidence allows for reasonable minds to have an opinion, at least. Their opinion may not be true, but they are entitled to have it. But a jury is not entitled to have an opinion that draws a conclusion when it is based on an objectively weak (or scarce) amount of evidence.

I should not be re-tried because I can establish — to a Federal Court — that the evidence offered, by the State of Alabama, at my first trial was, in fact, insufficient and — having never waived or forfeited that crucial issue — if a federal court finds this to be true, a re-trial should be barred due to the "Burk's Principle." A State vacating a United States citizen's initial conviction before the evidence receives federal scrutiny does not — or should not — effectively sweep the first (half-baked) conviction and all the constitutional violations used to obtain the initial conviction under the rug. They can't "buy more time" by intentionally fouling me. The entire trial was full of intentional fouls, or in this case — intentional violations of my constitutional rights. A prima facie review of the evidence will show that. This is the paradox of my argument: My case would have, eventually, been dismissed by a federal court

[Continued on page 4]

(pg. 3)

<u>Memorandum #2</u>

on appeal—but it never made it to a federal court on appeal. It was thrown back to the State prosecutors (D.A.'s office) by a State court for another shot at convicting me after I've already been incarcerated 8 years. I don't know how else to put it. I call this the Alabama paradox. Because I don't want another trial. Not in Alabama. I don't believe I can receive a fair trial in Alabama. <u>The more appropriate title would probably be the "Fair trial paradox." I cannot receive a fair trial when the evidence submitted at my first trial would have been declared insufficient by a federal court.</u> One State court (the Alabama Court of Criminal Appeals) calling it "minimally sufficient" doesn't change the fact that, that is still an assessment by a State government and not the federal government.

As a United States citizen, I should be protected from a tyrannical State government. With all due respect to the ACCA, they probably are more invested in protecting the integrity of their own judicial system than protecting the Constitutional rights of an American citizen. In other words, Alabama would not mind trying me a thousand times as long as they can get it right on paper (free of "plain error"). And as long as they don't have to worry about the federal government snatching me out of the fire or breathing down their neck while they

[Continued on page 5]

(pg. 4)

## Memorandum #2

torture me by putting me on trial again and starting the whole process over (above my objection.) How can they give me a fair trial when violating my rights at my first trial has given them 8 years to prepare their case and put me at a significant disadvantage because I've been incarcerated those 8 years (not able to prepare an adequate defense because I haven't been able to work those 8 years — among other disadvantages.) Going back to what I call "the Fair Trial paradox," the fact that my case did not reach a federal court for review of the sufficiency of the evidence does not remedy the situation. A new trial is not the remedy for a conviction obtained by bending or breaking the rules because they know the evidence by itself is not enough. "They" being the prosecutors (or the State) and "the rules" being Constitutional rights and protections.

  To even suggest that the State of Alabama should be given several years, several trials, and several passes on intentional constitutional violations would be to suggest that they be allowed to violate my 14th Amendment right to Due Process (several unfair trials and years of incarceration to get one fair trial), my 8th Amendment protection against cruel and unusual punishment (same reasons), my right to have

[Continued on page 6]

(pg. 5)

# Memorandum #2

access to the federal courts (keeping me caught in this loop until they are finished with me.), and that they be given an excuse to ignore my protection against double jeopardy according to the Burk's principle (because NO federal court has been given a chance to intervene.)

Sending the case back to be re-tried was a favor to the State of Alabama not to me. I was never presented with the option to only have the case reviewed for dismissal. In other words dismissal for my unfair trial, constitutional violations and conviction obtained with insuffecient evidence was the only remedy I was seeking. The systemic issue of this not being an option for Capital Murder defendants in Alabama violates my due process because it forces me to go through trial again against my will. It also forced me to keep my issues broad to preclude those issues from coming in at a mandatory second trial. I didn't want a second trial, but until I recently learned about a vehicle to complain to the federal government about the State ignoring my Costitutional rights and protections (the petition I'm filing) I didn't exactly know how to avoid it either. In other words, it forced me to mitigate constitutional violations

[Continued on page 7]

<u>Memorandum #2</u>

in case there was a second trial by raising several other issues along with the sufficiency issue. <u>I was actually hoping that, absent an aquittal or dismissal by the ACCA, they would have precluded alot more illegal tactics than what they did.</u> No offense to Judge Youngpeter whose character I'm less familiar with, but some of these other trial judges in Mobile will let a prosecutor rip the United State's Constitution to shreds in order to get Alabama Justice. I prefer Federal Justice. <u>In the instant case — a Federal standard of "sufficiency" ruled on by a Federal Judge.</u>

<s>In</s> <u>my opinion if evidence presented at an initial trial is not declared "sufficient" by by a Federal court — it cannot be, undisputedly, declared sufficient to a Federal standard.</u> As you can see, Your Honor, I am still disputing this. I don't want to take the risk that the State of Alabama will put me through another unfair trial full of intentional constitutional violations with the same (or even less) insufficient evidence as before all because they know an Alabama court will not dismiss it and worst case scenario we wind up repeating the last 8 years and end up back here for a third trial.

[Continued on page 8]

(pg. 7)

## Memorandum #2

—all while ignoring my constitutional protection against Double Jeopardy and (potentially) getting another 8 years of incarceration they wouldn't have had if I were allowed to waive my State appeals and proceed directly to Federal court.

It's hard for a prosecutor to lose when they are allowed to use dirty tricks (constitutional violations) over and over again. They have to be stopped by a Federal judge because an Alabama judge won't do it. That's why they do everything they can to keep Capital cases out of Federal court as long as possible. They don't want their tactics of consistently violating constitutional rights exposed.

The State of Alabama cannot purposely introduce inadmissable evidence or commit other "plain error" just to get the initial conviction in order to circumvent the sufficiency requirement. To allow them to do so would be to give them incentive to continue this practice. A Capital Murder case should be well-developed before bringing an American citizen, who is presumed innocent, to trial. The D.A. (State) knowing that they will get a second chance and more time to prepare before federal review doesn't make it better, it only exacerbates the issue.

[Continued on page 9]

## Memorandum #2

If a federal judge can determine that, barring all other Constitutional errors, the evidence introduced at the first trial would have been sufficient to sustain a Capital Murder conviction — then, I concede, I lose my argument on this ground. The problem is the State of Alabama is trying to procedurally prevent federal scrutiny of the sufficiency of the evidence but this ignores the fact that at this point (what I contend is) my right to be tried with a sufficient amount of evidence has already been violated. And as I said before a new trial is not the remedy.

    I did not invite error at the original trial — in fact I tried everything I could to prevent it. I would love if an Alabama prosecution would allow the evidence to "speak for itself." But that won't happen. They need the errors to get the conviction, because the evidence isn't strong enough for a reasonable jury to reach a conclusion "beyond a reasonable doubt" for guilt or innocence frankly. But this wouldn't be an issue for me because I'm presumed innocent.

    Federal Justice is what I have wanted ever since Judge Graddick denied my motion for acquittal at the close of the State's case at my first trial. But if Federal Justice takes

[Continued on page 10]

## Memorandum #2

a dozen years to get — the State has already inflicted the worst of it's punishment. A lot of people I know would welcome death after spending countless years in prison.

    I apologize for any repetition but the argument could be stated any number of ways.

    I've waited 8 years — 4 of them on Death Row and the other 4 in a violent, oppressive county jail. I went through one emotionally tortuous trial. How many more years of Sham trials and appellate courts pressing the reset button (but not dismissing the case) do I have to endure before I can assert my rights, as an American citizen, to be heard by a United States court? <u>If Alabama claims they have enough admissable (because if it's not admissable it will be reversed on appeal) evidence to put one of it's citizens on trial for Capital Murder, how long can they violate my rights to due process before they have to show their hand to a Federal Judge?</u>

    The premise of my issue is that if a United States citizen believes that his own State is unfairly prejudicing him by subjecting him to trial after trial with objectively insuffecient evidence by dressing it up with other illegal trial tactics (allowing in, obviously, 404(b) evidence for example), he should be able to seek relief in a federal court

[Continued on page 11]

(pg. 10)

<u>Memorandum #2</u>

long before the State is "finished with him." If the State of Alabama says they can drown me (convict me) in an empty pool (insufficient evidence), how many tries do they get before I can complain?

The federal government should not have to sit on the sidelines for years of trials and years of State appellate procedures if it sees one of it's citizen's rights being denied. In this case, a prima facie examination of the case should reveal that the State should have never proceeded to trial in the first place and after that sham trial with intentional constitutional violations, the appropriate remedy (and sanction) was a directed verdict for aquittal, not a second chance to "get it right," — which isn't even possible. The paradox is that the State will have to violate my rights in order to have any chance at getting a conviction. The constitution will be a major obstacle to convicting me with no evidence.

Even if it were possible (it's not) for the State to come up with more "evidence," it would still be illegal to re-try me because they likely obtained it through the advantage they gained in convicting me in the first place and having me incarcerated for nearly a decade. A Federal Judge could simply hold an "in camera" for them to lay out exactly how they plan on convicting me to find out

[Continued on page 12]

(pg. 11)

## Memorandum #2

if there is any truth to claims of "new evidence." Because I have no doubt that they would present something of questionable admissability that is expected to prove to the jury that I had a "consciousness of guilt" — something that has nothing to do with motive, means, or opportunity.

Whatever evidence they would offer as a reason to deny my Constitutional rights to a fair trial, due process, and protections against Double Jeopardy should at least circumstantially prove murder. "Consciousness of guilt" is not even circumstantial — it's conjecture at best. How can someone prove "consciousness of guilt" beyond a reasonable doubt?

The State did not have to take me to trial with insufficient evidence. To suggest that they had to either take me to trial with what they had (knowing how tough that would be without violating my rights) or drop the charges is a false dichotomy. They could have tried me on a lesser charge with a lower burden of proof (no need to prove intent through speculation), offered a deal for something that left the door open for future murder charges (with actual evidence) or any number of things that doesn't count on a weak appeals system giving them a second chance.

[Continued on page 13]

pg. 12

## Memorandum #2

They are not going to punish me a third time by violating my rights to a fair trial, incarcerating me for 8 years, and then, to top it all off, violating my protection against Double Jeopardy. Facing this "Groundhog Day" and knowing that it could be a repeat of the last 8 years if a jury does not acquit me is cruel and unusual because the anxiety and emotional turmoil this would, and already has, inflict on my family and I.

Alabama cannot shoe-horn their case through an analysis for constitutional violations. If you take the facts of my case and apply all the laws and rights I have as a United States Citizen and make any logical inferences arising from that application — the conclusion will be that any conviction obtained will ultimately not be sustained. Granted, the American citizen may not live to see that day, but theoretically it would happen.

It is akin to sticking a square peg through a round hole. It won't fit without breaking something. That "something" in my metaphor is rules or rights or regulations or, most importantly, laws.

The State knew that they risked a judgement for aquittal and preclusion of a re-trial because of the Burk's principal by rushing to trial with insuffecient evidence. They (the prosecution)

[Continued on page 14]

## Memorandum #2

should not be given incentive to continue violating constitutional rights of Capital Murder defendant's because they know the Alabama appellate courts will be less critical of their tactics. In other words they (prosecutors) have learned they will usually get a second chance to put a Capital Murder defendant on trial so they have adjusted accordingly. They tell each other that they can violate all the rights they need to at the first trial because worst-case scenario the case will be just sent back and they'll have more time to prepare. They count on Alabama courts appeasing them. Sometimes it appears that the Attorney General's office or and his subordinates dictate the law in this State.

If a federal judge tells me that the evidence submitted to the jury at my first trial was sufficient for a reasonable jury to convict me beyond a reasonable doubt — all objections and inadmissable evidence considered, I will be more than willing to let this whole thing go and accept that there is no avoiding a second trial for murder (Capital Murder) based on denial of my fair trial, due process, and what I maintain, is Double Jeopardy. In other words, forget about the Constitution because it is only useful to certain types of people.

I join this memorandum to my original petition.

(pg. 14)

*Derek T. Horton* 3-7-18 Note to Clerk: A copy of this memo has been served on respondent (counsel).

Derek Tyler Horton 0538415
Mobile County Metro Jail
P.O. Box 104
Mobile, AL 36601

MOBILE P&DC 366
30 MAR 2018
INMATE IN MOBILE CO. JAIL

United States District Court
Southern District of Alabama
Clerk
113 St. Joseph street
Mobile, AL 36602

[Legal Mail]