IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEREK TYLER HORTON,** | * | |
| | * | |
| Petitioner, | * | |
| vs. | * | CIVIL ACTION NO. 18-00075-JB-B |
| | * | |
| **SAM COCHRAN,** | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Derek Tyler Horton, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and S.D. Ala. GenLR 72(a)(2)(R).[1]

Having carefully considered Petitioner's petition, Respondent's answer (Doc. 14), and Petitioner's replies (Doc. 15, 26), the undersigned finds that the petition is premature.

---

[1] Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004). Petitioner has failed to establish that an evidentiary hearing is warranted in this case. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

Accordingly, it is **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED** without prejudice; that judgment be entered in favor of Respondent and against Petitioner, Derek Tyler Horton; and that any certificate of appealability or request to appeal in forma pauperis be denied.

## I. BACKGROUND FACTS

On February 15, 2018, Petitioner filed a petition under 28 U.S.C. § 2241. (Doc. 1). Petitioner alleged that he was being detained, without bond, in the Mobile County Metro Jail prior to his retrial for the offense of capital murder, in violation of his constitutional right to due process of law, and that his impending retrial implicated his constitutional protection against double jeopardy. (Id.). On January 28, 2019, Respondent filed a notice that Petitioner had been retried, convicted of capital murder on May 16, 2018, and sentenced to life imprisonment without the possibility of parole on June 27, 2018. (Doc. 23).

On March 7, 2019, the Court ordered Petitioner to show cause why his petition should not be dismissed, given that he had been retried and convicted of capital murder and thus had the ability to vindicate his rights through state court direct appeal and thereafter, should he elect to do so, through a petition for a

writ of habeas corpus under 28 U.S.C. § 2254.[2] On March 15, 2019, Petitioner responded, stating that he was retried for capital murder and that his conviction and sentence were on direct appeal in the state court. (Doc. 26). Plaintiff argues that he should be allowed to proceed with his federal habeas petition and obtain review, on the merits, of his conviction and sentence immediately, without waiting for the Alabama state appellate courts to complete their appellate review. (Id.).

## II. ANALYSIS

Although Petitioner originally filed this action under 28 U.S.C. § 2241 when he was being detained without bond prior to retrial for capital murder in state court, he now seeks to challenge the legality of the sentence imposed by the Mobile County Circuit Court upon his retrial, conviction, and sentencing. (Doc. 26). The petitions of state prisoners "in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003); accord Thomas v. Crosby, 371 F.3d 782, 785-88 (11th Cir. 2004); McCall v. Monroe, Alabama, 2018 U.S. Dist. LEXIS 135283, *1, 2018 WL 3800249, *1 (N.D. Ala. July 5, 2018), *report and recommendation adopted*,

---

[2] The Court further notes that legal counsel has been appointed to represent Petitioner in his state court appeal. (Doc. 23-1).

3

2018 WL 3772927 (N.D. Ala. Aug. 9, 2018). Therefore, the Court construes the instant petition pursuant to § 2254.

It is well-established that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275, (1971). Indeed, state prisoners seeking habeas corpus relief in federal court are required to exhaust any available state court remedies before presenting their claims in federal court. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ... ] the applicant has exhausted the remedies available in the courts of the State."); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

The factual and procedural history set forth by the parties and the record in this case shows that Petitioner has not yet exhausted his available state court remedies because his

4

conviction for capital murder is currently on direct appeal in the state court. (Doc. 26 at 2). As such, there is no basis to conclude that Petitioner has "exhaust[ed] all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion" which he must do before pursuing § 2254 habeas relief in federal court. Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). Moreover, there is no basis upon which to conclude that "there is an absence of available State corrective process;" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). Consequently, any further consideration of the instant 28 U.S.C. § 2254 petition at this time would be premature. See Cobble v. McLaughlin, 2013 U.S. Dist. LEXIS 46827, *6, 2013 WL 1296412, *2 (M.D. Ga. Mar. 7, 2013), *report and recommendation adopted in part*, 2013 WL 1296407 (M.D. Ga. Mar. 28, 2013) (dismissing § 2254 petition as premature where Petitioner's application for certificate of probable cause to appeal was pending before the Georgia Supreme Court); Prince v. State of Ala., 476 F.2d 298, 298 (5th Cir. 1973)(denying petition for federal habeas relief where Petitioner's conviction was on direct appeal in state court, stating: "28 U.S.C. § 2254(b) and (c) make it crystal clear that courts of the United States are bound to refrain from exercising their power under § 2254 so long as a petitioner has any effective right to obtain relief from

constitutional errors under remedies provided by the courts of the state ordering his custody.").[3]

Accordingly, because Petitioner's appeal of his conviction and sentence are pending in the Alabama state courts, the undersigned finds that Petitioner's federal habeas petition should be dismissed without prejudice as premature, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

---

[3] In Bonner v. City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent, all cases decided by the Fifth Circuit before October 1, 1981.

court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

In the instant case, Petitioner's habeas claims are premature. Prince v. State of Ala., 476 F.2d 298, 298 (5th Cir. 1973). He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable

whether Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** Petitioner's petition without prejudice as premature and find that he is not entitled to a Certificate of Appealability and that he is not entitled to proceed in forma pauperis on appeal.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

8

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this **21st** day of **March, 2019.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**